P SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-176 PA (PJWx) | Date | February 26, 2009 |
|---|---|---|---|
| Title | Adam Najemy v. Bank of America Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

     Before the Court is a Class Action Complaint by plaintiff Adam Najemy ("Plaintiff"). Jurisdiction has been alleged to exist on the basis of diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d)(2).

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). To establish diversity jurisdiction pursuant to CAFA, Plaintiff must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). However, the statute establishes several exceptions to CAFA's jurisdictional reach. See Evans v. Walter Indus., Inc., 449 F.3d 1159 (11th Cir. 2006) ("CAFA . . . does have an exception to federal jurisdiction for cases that are truly local in nature."). 28 U.S.C. § 1332(d)(4)(B) requires that the district court decline to exercise jurisdiction over class actions in which "two-thirds or more of the members of the proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." Because the class is limited to California residents, the Court may lack jurisdiction if both Plaintiff and the defendants are citizens of California.

     A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1301 (9th Cir. 1989). Federal courts "generally use one of two tests for locating a corporation's principal place of business. Under the 'nerve center test,' a corporation's principal place of business is where its executive and administrative functions are performed. Under the 'place of operations test,' . . . the principal place of business is the state which 'contains a substantial predominance of corporate operations.'" Id. (quoting Co-Efficient Energy Sys. v. CSL Indus., 812 F.2d 556, 558 (9th Cir. 1987). The Ninth Circuit "applies the place of operations test unless the plaintiff shows that its activities do not substantially predominate in any one state." Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 500 (9th Cir. 2001); see also Indus. Tectonics, 912 F.3d at 1094 ("The 'nerve center' test should be used only when no state contains a substantial predominance of the

**P SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-176 PA (PJWx) | Date | February 26, 2009 |
|---|---|---|---|
| Title | Adam Najemy v. Bank of America Corp., et al. | | |

corporation's business activities."); Ho v. Ikon Office Solutions, Inc., 143 F. Supp. 2d 1163, 1165 (N.D. Cal. 2001) (holding that the nerve center test should only be used when "mapping a corporation's operations would fail to identify a true center of corporate activity — because that activity was spread so relatively evenly and so widely among such a substantial number of states").

Under the "place of operations" test, courts look at a number of factors to determine if a given state contains a substantial predominance of corporate activity. These factors include: "the location of employees, tangible property, production activities, sources of income, and where sales take place." Tosco, 236 F.3d at 500. The relevant inquiry in "determining whether a corporation's business activity substantially predominates in a given state plainly requires a comparison of that corporation's business activity in the state at issue to its business activity in other individual states. Thus, 'substantial predominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of [the] corporation's business activity in one state be significantly larger than any other state in which the corporation conducts business." Id. (citations omitted).

Plaintiff has alleged that both defendants are Delaware corporations having principal places of business in North Carolina. However, the Court has determined that further inquiry into whether it has subject matter jurisdiction is warranted. Defendants Bank of America Corporation and Bank of America, N.A. ("Defendants") are ordered to provide the following information, in the form of affidavits sworn under penalty of perjury by competent witnesses, such as officers, directors, or managing agents of Bank of America Corporation and/or Bank of America, N.A. The following information shall be provided on or before March 9, 2009:

1. The state of incorporation of Bank of America Corporation;

2. The states in which Bank of America Corporation transacts business;

3. The percentage of its income that Bank of America Corporation earns in each state in which it transacts business;

4. The locations of the executive and administrative functions of Bank of America Corporation;

5. The locations of the employees and executive and management staff of Bank of America Corporation;

6. The percentage of Bank of America Corporation's tangible property located in each state, both by size and value;

7. The percentage of Bank of America Corporation's points of contact for dealing with the

P SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-176 PA (PJWx) | Date | February 26, 2009 |
|---|---|---|---|
| Title | Adam Najemy v. Bank of America Corp., et al. | | |

        public, located in each state where Bank of America Corporation does business;

8.     Bank of America Corporation's status as a national bank, if applicable;

9.     The state of incorporation of Bank of America, N.A.;

10.     The states in which Bank of America, N.A. transacts business;

11.     The percentage of its income that Bank of America, N.A. earns in each state in which it transacts business;

12.     The locations of the executive and administrative functions of Bank of America, N.A.;

13.     The locations of the employees and executive and management staff of Bank of America, N.A.;

14.     The percentage of Bank of America, N.A.'s tangible property located in each state, both by size and value;

15.     The percentage of Bank of America, N.A.'s points of contact for dealing with the public, located in each state where Bank of America, N.A. does business; and

16.     Bank of America, N.A.'s status as a national bank, if applicable.

IT IS SO ORDERED.